UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Dana Faye C. Go,

                               Plaintiff,                     7:23-CV-9007-KMK-VR

            -against-                    **OPINION AND ORDER**

Relax Services, Inc., Leah Friedman,

                               Defendants.
------------------------------------------------------------------X
Jo-Ann Heram S. Esturas,

                               Plaintiff,                     7:23-CV-10169-KMK-VR

            -against-                     **OPINION AND ORDER**

Relax Services, Inc., Leah Friedman,

                               Defendants.
------------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

      By letter motion, Plaintiff Dana Faye C. Go moves to consolidate *Go v. Relax Services*, Case No. 23-cv-9007, with *Esturas v. Relax Services*, Case No. 23-cv-10169. (ECF No. 26 (*Go*)). The plaintiffs in each action share counsel. (*See* ECF Nos. 1 at 38 (*Go*); 1 at 35 (*Esturas*)). Defendants, who are also represented by the same counsel in each action (ECF Nos. 10 to 12 (*Go*); 12 to 14 (*Esturas*)), do not oppose consolidation (ECF No. 28 (*Go*)).

      Rule 42(a) of the Federal Rules of Civil Procedure authorizes the Court to consolidate any actions that "involve a common question of law or fact." The Court has "broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *see also Hall v. Hall*, 584 U.S. 59, 77 (2018) ("District courts enjoy substantial

discretion in deciding whether and to what extent to consolidate cases."). As the Supreme Court has explained, "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Hall*, 584 U.S. at 70 (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)).

The Court has reviewed the complaints in each action and finds that they raise nearly identical legal and factual issues. The only material difference is that *Go*, Case No. 23-cv-9007, is styled as a putative class action. Thus, "the gravamen of the complaints in each of the related actions is the same," *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004), and "the differences do not outweigh the interests of judicial economy served by consolidation," *Pipefitters Loc. No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011). Further, as Defendants do not oppose consolidation, the Court finds that consolidation is appropriate.

For the above reasons, the motion to consolidate is **GRANTED**. The Clerk of Court is respectfully directed to consolidate *Go v. Relax Services*, Case No. 23-cv-9007, with *Esturas v. Relax Services*, Case No. 23-cv-10169, and to terminate the pending letter motion at ECF No. 26 (*Go*).

**SO ORDERED.**

DATED:   New York, New York
         April 11, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge