UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

DANA FAYE C. GO, on behalf of herself and all
others similarly situated,

                                    Plaintiff,

          -against-

RALEX SERVICES, INC., doing business as
GLEN ISLAND CENTER FOR NURSING AND
REHABILITATION, and LEAH FRIEDMAN,

                                    Defendants.
-------------------------------------------------------------------X

JO-ANN HERAM S. ESTURAS,

                                    Plaintiff,

          -against-

RALEX SERVICES, INC., doing business as
GLEN ISLAND CENTER FOR NURSING AND
REHABILITATION, and LEAH FRIEDMAN,

                                    Defendants.
-------------------------------------------------------------------X

Case No. 23-cv-9007 (KMK) (VR)

**STIPULATION FOR THE
PRODUCTION AND
EXCHANGE OF
CONFIDENTIAL INFORMATION**

Case No. 23-cv-10169 (KMK) (VR)

          IT IS HEREBY STIPULATED AND AGREED, by and between the parties as represented

below:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery
   of documents and information that the parties agree merit confidential treatment
   (hereinafter the "Documents" or "Testimony").

2. Either party may designate Documents produced, or Testimony given, in connection with
   this action as "confidential," either by notation on the document, statement on the record
   of the deposition, written advice to the respective undersigned counsel for the parties
   hereto, or by other appropriate means as provided for in this Stipulation.

3. As used herein:

142964518.1                          Page 1 of 6

a. "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, any kind of medical information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

b. "Producing party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

c. "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as Confidential Information. If the Producing party does not agree to declassify such document or material, the Receiving party may move the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. The parties should meet and confer if any production requires a designation of "Highly Confidential - For Attorneys' Eyes Only." All other Confidential information shall not be disclosed to any outside individual, entity, or other non-party in this litigation, and shall not be used for any purpose other than in this matter. The Parties agree that under no circumstances shall confidential information be disclosed or disseminated to any party outside this matter and shall not be used for any purpose other than in this litigation. Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

a. Plaintiff or officers, agents, employees and representatives of Defendants actually engaged in assisting in the preparation of this litigation for hearing or other proceeding herein and who have been advised of their obligations hereunder;

b. counsel for the parties to this litigation and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

142964518.1                                     Page **2** of **6**

  c. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this litigation or to give testimony with respect to the subject matter of this litigation at deposition, trial, or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

  d. The Court, if submitted in accordance with paragraph 11 hereof;

  e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

  f. trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

  g. any other person agreed to by the parties in writing.

6. Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes. Dissemination of Confidential information to any unauthorized person shall be subject to sanctions for breach of this Stipulation.

7. When any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving party shall provide the expert's written agreement to comply with and be bound by the terms of this stipulation. The expert's written agreement to comply with and be bound by the terms of this stipulation shall be produced for the other party at the time of expert disclosures.

8. Should the need arise for any of the parties to disclose Confidential Information during any hearing or other proceeding within this litigation, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

9. This Stipulation shall not preclude counsel for the parties from using any documents or information which have been designated as "Confidential Information" under the terms hereof during any deposition in this action. Any stenographer and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

10. A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.

142964518.1           **Page 3 of 6**

Case 7:23-cv-09007-KMK-VR     Document 32     Filed 07/19/24     Page 4 of 6

11. Acknowledging that either or both of the parties may seek to address issues related to this litigation before the Court, the Parties agree:

   a. A Receiving Party who seeks to submit to the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising of or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with seven (7) days' written notice of its intent to submit such material, so that the Producing Party may file by Order to Show Cause a motion to seal such Confidential Information. The Confidential Information shall not be filed until the Panel renders a decision on the motion to seal. In the event the motion to seal is granted, all documents which are the subject of the order to seal, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Panel, the parties and their counsel of record, except by order of the Panel or consent of all the parties. Violation hereof may be regarded as contempt of the Panel."

   b. As an alternative to the procedure set forth in paragraph 11(a), any party may submit to the Panel on oral argument any documents previously designated as comprising or containing Confidential Information by submitting such documents to the Panel in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, contains documents which are submitted but not to be filed." Such documents shall be returned by court personnel upon disposition of the motion or other proceeding for which they were submitted.

   c. All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number scribed to them at the time of production.

12. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

13. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraph 2 of this Stipulation, may be so designated by the party asserting the

142964518.1                                     Page 4 of 6

confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

14. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

15. The production or disclosure of Confidential Information shall in no way constitute a waiver of either party's right to object to the production or disclosure of other information in this action or in any other action.

16. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Panel or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

17. This Stipulation shall continue to be binding after the conclusion of this litigation except that a party may seek the written permission of the Producing party or further order of the Panel with respect to dissolution or modification of any the Stipulation.

18. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

19. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.

21. This Stipulation is made without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

22. Nothing in this Stipulation may be taken or construed as a ruling or statement concerning the admissibility of any documents or information in this action.

Dated: New York, New York
           July 19, 2024

LAW OFFICE OF FELIX Q. VINLUAN

___/s/Felix Boy Q. Vinluan_____
Felix Boy Q. Vinluan
*Attorneys for Plaintiffs*
69-10 Roosevelt Ave., 2nd Floor
Woodside, NY 11377
(718) 478-4488
fqvinluan@yahoo.com

LEWIS BRISBOIS BISGAARD & SMITH LLP

__/s/_Stephen G. Rickershauser____
Bradley Bartolomeo, Esq.
Stephen G. Rickershauser, Esq.
*Attorneys for Defendants*
*Ralex Services, Inc. d/b/a Glen Island Center For*
*Nursing and Rehabilitation and Leah Friedman*
77 Water Street, Suite 2100
New York, NY  10005
(212) 232-1300
Bradley.Bartolomeo@lewisbrisbois.com
Stephen.Rickershauser@lewisbrisbois.com

JUDE TADEO PALCES, ESQ.

___/s/Jude Tadeo Palces_____
Jude Tadeo Palces
*Attorneys for Plaintiffs*
535 Lakeville Road
New Hyde Park, NY 11040
(917) 816-0482
jude@palceslaw.net

So Ordered.
7/19/24